# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

_____

JOHN DOE

     Plaintiff,

v.

CARO COMMUNITY SCHOOLS

     Defendant.

Case No. _____

Hon._____

**Complaint and Jury Demand**

_____

Stephen H. Sinas    (P71039)
Jonathon K. Homa   (P81518)
Steven H. Weston   (P38668)
**Sinas, Dramis, Larkin,**
**Graves & Waldman, P.C.**
Attorneys for Plaintiff
3380 Pine Tree Road
Lansing, MI 48911
(517) 394-7500
stevesinas@sinasdramis.com
jonhoma@sinasdramis.com
steveweston@sinasdramis.com

_____

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, John Doe, by and through his attorneys,

***Sinas, Dramis, Larkin, Graves & Waldman, P.C.,*** and brings this action

against Caro Community Schools for its violations of Plaintiff's rights under

Title IX of the Education Amendments of 1972, 20 USC § 1681, *et seq.* ("Title

IX"). Plaintiff John Doe also brings this action for violations of his

substantive due process rights under the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983.

## INTRODUCTION

1.     John Doe was on the Caro High School JV football team during the 2017-2018 school year and the 2018-2019 school year. During his time on the Caro High School JV football team, John Doe was subject to numerous incidents of hazing and sexual harassment from his teammates. John Doe was first attacked by his teammates in 2017 while located in the Caro High School boys' JV locker room. Several of his teammates pinned him down and placed their fingers in and/or around his anus. John Doe told his football coach, Coach Duane Jackson, about the harmful and offensive conduct after the incident occurred in 2017. Coach Jackson failed to take action or otherwise attempt to deter the conduct. As a result, subsequent assaults of a sexual nature against John Doe persisted in the same manner on at least three more occasions. The most recent assault took place during the fall 2018 football season. The ongoing assaults and harassment that John Doe faced at Caro High School, as well as the inaction by the school to address these incidents for which it had knowledge of, ultimately forced John Doe to transfer to another high school to avoid the ongoing abuse.

## PARTIES AND JURISDICTION

2.     Plaintiff John Doe is a resident of the City of Caro, Tuscola County, Michigan. [1]

3.     Defendant Caro Community Schools is a Michigan public school district operating within Tuscola County, Michigan, and includes Caro High School.

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this litigation involves matters of federal law, specifically claims made under 20 U.S.C. § 1681(a) (hereafter referred to as *"Title IX"*) and deprivation of rights under 42 USC § 1983 and the United States Constitution.

5.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant Caro Community Schools resides in the Eastern District of Michigan and the events giving rise to the allegations in this Complaint took place in the Eastern District of Michigan.

---

[1] Plaintiff John Doe has contemporaneously filed a Motion to Proceed Under Pseudonym to protect his identity and privacy as his claims involve sexual assault, harassment, and other conduct which occurred when he was a minor and is considered extremely personal in nature.

## RELEVANT FACTS

6.      John Doe was a student at Caro High School from 2017 to 2019.

7.      While a student on at Caro High School, John Doe participated on the Caro High School Junior Varsity (JV) football team.

8.      John Doe participated on the Caro High School JV football team during the 2017-2018 school year and during the 2018-2019 school year.

9.      At all times relevant, Defendant Caro Public Schools exercised substantial control over the Caro High School football program and students participating on the football team.

10.     In 2017, during or before football practice, John Doe was sexually assaulted in the boys' JV football team locker room at Caro High School by several students at Caro High School.

11.     The aforementioned students who participated in the assault of John Doe were also members of the Caro High School football team.

12.     The initial sexual assault upon John Doe occurred in 2017, during or before football practice, when John Doe was forcibly held up against a locker room wall by his teammates for the purpose of restraining John Doe.

13.     While John Doe was restrained against the locker room wall, one or more of the aforementioned student teammates placed their finger and/or fingers into, around, and near John Doe' anus.

14.     At the time of the assault, John Doe was wearing a football girdle.

15.     The foregoing act of placing a finger and/or fingers into, around, and near John Doe's anus was harmful and offensive to John Doe.

16.     John Doe was ridiculed at the time of the sexual assault and afterwards by his football teammates.

17.     John Doe reported the aforementioned assault to his coach, Duane Jackson, soon after the assault during the 2017-2018 school year.

18.     John Doe specifically informed Coach Jackson of the nature of the assault and where it took place.

19.     Coach Jackson refused or otherwise failed to take any remedial action after receiving the complaint from John Doe.

20.     Coach Jackson did not discuss or other inquire about the assault against John Doe with the assailants.

21.     Coach Jackson did not report the assault to the police or John Doe's parents.

22.     Coach Jackson, as an employee of Caro Schools and coach to John Doe, failed to act reasonably in response to John Doe's complaint by not attempting to understand, prevent, or otherwise deter acts of sexual assault perpetrated upon John Doe by students at Caro High School.

23.     John Doe experienced similar acts of sexual assault at least three more times throughout the 2017-2018 and 2018-2019 school year football season.

24.     These assaults would occur before or after football practice at Caro High School.

25.     Each assault was similar and involved the forceable placing of fingers in, on, and around John Doe's anus.

26.     On one occasion, a student from Caro High School pinned John Doe against the floor while he sat on and/or placed his testicles near John Doe's face.

27.     Each and every act of sexual assault described herein this Complaint was harmful and offensive to John Doe.

28.     In January 2019, John Doe submitted a request to transfer to Fairgrove High School.

29.    The basis for John Doe's transfer request was to avoid unresolved bullying, including the acts of sexual assault described herein, that were ongoing at Caro High School.

30.    The sexual assaults and other misconduct Plaintiff John Doe was forced to endure resulted in serious hardships with suicidal ideation and self-cutting behavior.

31.    Other students at Caro High School endured similar acts of sexual assault by members of the Caro High School football team.

32.    The Caro Police Department eventually conducted an investigation into the acts of sexual assault upon John Doe described herein.

33.    In addition, Caro Community Schools conducted a Title IX investigation into allegations that students hazed, bullied, inappropriately touched, and sexually harassed John Doe during the fall of 2017 and fall of 2018.

34.    The Title IX investigation involved interviewing many students, former students, parents, and staff members of Caro High School.

35.    During the course of the Title IX investigation, several students at Caro Community Schools described a systematic environment of hazing

and student-to-student sexual harassment on the football team over the course of the previous four years.

36.    Specifically, students described verbal taunts, inappropriate touching over students' clothes and pads, and obscene gestures occurring on a regular basis.

37.    Multiple students interviewed during the Title IX investigation stated that the aforementioned behavior made them feel uncomfortable.

38.    Following the Title IX investigation, it was substantiated by Caro Community Schools that John Doe was subjected to hazing and sexual harassment by other students at Caro High School.

39.    Title IX investigators also established that John Doe was subjected to unwelcome and unwanted physical touching and contact, which created a hostile environment for him and interfered in his ability to participate in Caro Community Schools' programs and activities.

40.    Title IX investigators also substantiated that John Doe was hazed when other students verbally taunted him and subjected him to unwanted physical touching and contact.

41.    Caro Community Schools expressly recognized the systematic nature of bullying, hazing, and sexual harassment on the Caro High School

8

football teams that John Doe was subjected to in a letter to John Doe's parents dated August 13, 2020.

42.    The United States Supreme Court has determined that schools may be held liable in private Title IX actions for monetary damages when they are deliberately indifferent to student-against-student sexual misconduct and harassment, stating as follows:

> In March 1993, . . . the National School Boards Association issued a publication, for use by "school attorneys and administrators in understanding the law regarding sexual harassment of employees and students," which observed that districts could be liable under Title IX for their failure to respond to student-on-student harassment. Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 647, 119 S. Ct. 1661, 1673, 143 L. Ed. 2d 839 (1999).

43.    On October 26, 2010, the Office for Civil Rights (OCR) issued Dear Colleague Letter: *Guidance on Schools' Obligations to Protect Students from Student-on-Student Harassment on the Basis of Sex; Race, Color and National Origin; and Disability*, to all U.S. public schools, including Defendant, which reminded schools of their obligation to investigate and remedy acts of student-on-student sexual harassment within the educational institution, stating as follows:

> In *this example, the school employees failed to recognize that the "hazing" constituted sexual harassment.  The school did not comply with its Title IX obligations when it failed to investigate or remedy the sexual harassment.  The*

*conduct was clearly unwelcome, sexual . . ., and sufficiently serious that it limited the student's ability to participate in and benefit from the school's education program (e.g., anxiety and declining class participation).    The school should have trained its employees on the type of misconduct that constitutes sexual harassment.*[2]

44.    The Michigan Department of Education issued *The Role of the Title IX Coordinator in Human Resources Activities*, to all Michigan schools, including Defendant, stating in pertinent part:

*Although an educational agency's Human Resources personnel must take care to implement only policies and procedures that conform to Title IX requirements,* **the officially appointed Title IX coordinator has a responsibility to monitor agency human resources activities to assure compliance with the federal law.**[3]

45.    Upon information and belief, despite Defendant Caro Community Schools' obligations to prevent and remediate the effects of the student-on-student harassment occurring within school programs, Defendant Caro Community Schools failed to provide adequate training or

---

[2] *See Dear Colleague Letter: Guidance on Schools' Obligations to Protect Students from Student-on-Student Harassment on the Basis of Sex; Race, Color and National Origin; and Disability,* available at:
https://www2.ed.gov/about/offices/list/ocr/letters/colleague-201010.pdf (last visited September 22, 2021.

[3] See The Role of the Title IX Coordinator in Human Resources Activities, available at: https://www.michigan.gov/documents/mde/The_Role_of_the_Title_IX_Coordinator _in_Human_Resources_Activities_ADA_554818_7.pdf (last visited September 22, 2021).

education to administrators, teachers, staff, coaches, students, and parents regarding Title IX and student-on-student sexual abuse and harassment.

46.    At all times relevant hereto, Defendant Caro Community Schools failed to provide adequate training or education to administrators, teachers, staff, coaches, students, and parents on protecting students from sexual abuse, identifying sexual harassment and abuse, interviewing victims and potential witnesses of abuse, investigating reports of student-on-student sexual abuse, remediating sexual harassment and abuse, and proper reporting of suspected sexual abuse to authorities.

47.    At all times relevant hereto, Defendant Caro Community Schools failed to provide adequate training or education to administrators, teachers, staff, coaches, students, and parents on written policy or protocol regarding student-on-student sexual harassment and Title IX.

48.    Defendant Caro Community Schools' lack of training is evidenced by, among other things, failing to investigate known acts of sexual assaults and harassment occurring within Caro High School and, in particular, the football team; and not taking any intermediate steps to deter or prevent students from continuing to sexually abuse John Doe after

receiving complaints from John Doe and otherwise being notified of the ongoing harassment.

**COUNT I**
**Violation of Title IX, 20 U.S.C. § 1681 - *Deliberate Indifference***

49. Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

50. Title IX, 20 U.S.C. § 1681(a) provides in pertinent part: "*No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . .*"

51. Title IX also protects third parties from sexual harassment or violence in a school's education programs and activities.

52. Defendant Caro Community Schools receives federal financial assistance for their education programs and are therefore subject to the provisions of Title IX of the U.S. Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.*

53. Title IX, 20 U.S.C. §1681, *et seq.*, covers all programs of a school, including the Caro football program, and extends to sexual harassment and assault by employees, students, and third parties.

54.     Under Title IX, 20 U.S.C. §1681, sexual harassment is defined as *"unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient's education program or activity."* 34 C.F.R. 106.30; *Davis* at 651.

55.     The acts of sexual assault by students on the Caro High School football team, as described herein this Complaint, were unwelcomed by John Doe and were so severe, offensive, harmful, and persistent that John Doe transferred schools to be free of the ongoing assaults, thereby depriving him of educational opportunities.

56.     The acts of sexual assault by students on the Caro High School football team, as described herein this Complaint, satisfy the definition of sexual harassment under Title IX. 34 C.F.R. 106.30; *Davis* at 649-650.

57.     The acts of sexual assault described herein this Complaint were sexually exploitive and had the intent and effect of diminishing John Doe's self-esteem, masculinity, and male identity.

58.     Plaintiff John Doe is a "person" within the meaning of 20 U.S.C. §1681(a).

59.     Plaintiff John Doe gave express actual notice to his coach, Defendant Duane Jackson, of the sexual assaults and harassment committed by other students on the football team in 2017.

60.     Coach Jackson was an employee of Caro Community Schools and was an "appropriate person" within the meaning of Title IX. 34 C.F.R. 106.30.

61.     After receiving actual notice of the sexual assaults by John Doe, Defendant Duane Jackson and other school officials failed to report or otherwise attempt to remedy the assaults on football team members, including Plaintiff John Doe.

62.     Upon information and belief, prior to sexual assaults of John Doe, several other school employees and officials were aware of the ongoing acts of sexual assault, harassment, and discrimination described herein this Complaint, which occurred at Caro High School for many years, yet failed to take any remedial action to prevent the conduct.

63.     Defendant Caro Community Schools' failure to attempt to remedy the known acts of sexual assault, harassment, and discrimination, including the sexual assaults and harassment of John Doe, was unreasonable

in light of known circumstances and amounts to "deliberate indifference" under Title IX. 34 C.F.R. 106.44(a); *Davis* at 648.

64.     Plaintiff John Doe was subjected to at least three additional similar acts of sexual assault, harassment, and discrimination after he notified Defendant Caro Community Schools of the ongoing abuse.

65.     Defendant Caro Community Schools' failure to investigate and take corrective actions to complaints of sexual assault, harassment, and discrimination in 2017 led to others, including Plaintiff John Doe, being subjected to further acts of sexual assault, harassment, and discrimination.

66.     Defendant Caro Community Schools' deliberate indifference to known acts of sexual assault, harassment, and discrimination, by students on the Caro High School football team was further confirmed by the District's Title IX investigation findings.

67.     As a direct and proximate result of the Defendants' actions and inactions, Plaintiff John Doe has suffered and continues to suffer pain of mind and body, mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, impaired educational capacity, and was

prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life.

**COUNT II**
**Violation of Title IX, 20 U.S.C. § 1681 -** *Hostile Environment*

68.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

69.     Plaintiff John Doe, among other students at Caro High School, were subject to multiple sexual assaults and ongoing harassment by teammates on the Caro High School football team, as described herein this Complaint.

70.     The sexual assaults, harassment, and discrimination experienced by Plaintiff John Doe was part of a larger systemic environment of student-to-student sexual assault and harassment on the football team.

71.     There existed within Caro Community Schools a pattern of sexual assaults, harassment, and intimidation among the sports teams at Caro High School, including the football team, over the course of several years.

72.     As a result of the ongoing sexual assault and harassment, Plaintiff John Doe's experience at Caro High School was permeated with

discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of his educational experience.

73.    Defendant Caro Community Schools is liable to John Doe under Title IX for subjecting him to an educational experience that was *"permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive [so as] to alter the conditions of the victim's' educational environment."* *Doe v. Miami University*, 882 F.3d 579, 590 (2018).

74.    The Title IX investigation conducted by Defendant Caro Community Schools established, by a preponderance of evidence, that the ongoing acts of sexual assault on the football team created a hostile environment for students, including Plaintiff John Doe.

75.    The sexually hostile environment at Caro High School ultimately interfered with John Doe's ability to participate in the district's programs and activities as John Doe ended up transferring schools to escape the ongoing sexual abuse and harassment that he continued to experience at Caro High School.

76.    As a direct and proximate result of the Defendants' actions and inactions, Plaintiff John Doe has suffered and continues to suffer economic and non-economic damages including, but not limited to, pain of mind and

body, mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, impaired educational capacity, and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life.

## COUNT III
### Violation of Plaintiff's Civil Rights, 42 U.S.C. § 1983
#### *Deliberate Indifference to Violation of Right to Bodily Integrity*

77.    Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

78.    The right to bodily integrity is an indispensable right and liberty recognized at common law and guaranteed by the substantive due process clause of the Fourteenth Amendment to the United States Constitution.

79.    The United States Supreme Court has recognized the importance of the right to bodily integrity, stating in pertinent part:

> *No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. Union Pac. Ry. Co. v. Botsford*, 141 U.S. 250, 251 (1891).

80.    At all relevant times, Defendant Caro Community Schools was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan.

81.    There existed a clear and persistent pattern of student-on-student sexual assault among members of the football team at Caro High School.

82.    Defendant Caro Community Schools received constructive and actual notice of the of the ongoing sexual assaults among members of the Caro High School football team.

83.    Defendant Caro Community Schools tacitly approved of the sexual assaults by failing to take any type of remedial action to prevent or deter the ongoing sexual assaults, which decisions and inactions amounted to deliberate indifference.

84.    In light of the prevalence, duration, and widespread nature of the sexual assaults on Caro High School's football team, Defendant Caro Community Schools' continued deliberate indifference to sexual assaults was obvious and can be said to amount to an official policy of inaction.

85.    The tolerance of sexual assault by school officials at Caro Community Schools was so widespread and occurred for so many years that

the tolerance and lack of protection for students constituted a custom within Caro Community Schools.

86.    Defendant Caro Community Schools' custom of inaction was moving force and a direct causal link to the several acts of sexual assault upon members of the Caro High School football team, including Plaintiff John Doe.

87.    The acts as alleged above amount to a violation of Plaintiff John Doe's clearly constitutionally protected right of bodily integrity, of which reasonable persons in Defendant Caro Community Schools' position should have known.

88.    As a matter of custom, policy, and/or practice, Defendant Caro Community Schools has the ultimate responsibility and authority to investigate complaints against among other things their students, faculty, and visitors and failed to do so with deliberate indifference creating a hostile educational environment.

89.    The Caro Community Schools Defendants had a duty to prevent sexual assault, abuse, and molestation on its premises, that duty arising under the above-referenced constitutional rights, as well as established rights pursuant to Title IX.

90.     On multiple occasions Defendant Caro Community Schools employees had actual or constructive notice that students, including Plaintiff John Doe, were in danger of sexual assault.

91.     Students, teachers, coaches, and other employee officials of Caro Community Schools were aware of the ongoing acts of sexual assault occurring on the Caro High School football team prior to the sexual assaults of Plaintiff John Doe.

92.     Defendant Caro Community Schools had time to fully consider the potential consequences of its conduct, and to make an unhurried judgment concerning sexual misconduct of football team members and the type of harm that would result from inadequate, supervision, monitoring, sanction, restriction, or reporting to CPS or law enforcement, specifically continued sexual assaults, harassment, and the devastating harm sexual assault causes victims, including Plaintiff John Doe.

93.     Defendant Caro Community Schools' policy and custom of tolerating known acts of sexual assault occurring at Caro High School over the course of many years resulted in the deprivation of John Doe's right to bodily integrity.

94.     Defendant Caro Community Schools acted with deliberate indifference and callous disregard to the substantial risk of serious harm that students on the Caro High School football team posed to Plaintiff John Doe and other members of the football team.

95.     Defendant Caro Community Schools' policy and custom of tolerating knows acts of sexual assault occurring at Caro High School over the course of many years was egregious and shocks the conscience.

96.     Defendant Caro Community Schools violated John Doe's fundamental rights and liberties by taking discretionary, conscience-shocking, arbitrary executive action, without John Doe's consent, that directly interfered with John's fundamental right to bodily integrity.

97.     As a direct and proximate result of the Defendant's actions, inactions, and deliberate indifference to violation of Plaintiff John Doe's established Constitutional rights, John Doe suffered, and continues to suffer, economic and non-economic damages including, but not limited to, pain of mind and body, mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, impaired educational capacity, and was

prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life.

**COUNT IV**
**Violation of Plaintiff's Civil Rights, 42 USC § 1983**
*Failure to Train*

98.    Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

99.    At all times relevant hereto, Defendant Caro Community Schools was a policymaker having a duty to train, and failed to properly or sufficiently train, their administrators, teachers, coaches, staff, and students regarding any written policies that would prevent or prohibit actions like those taken by football teammates against John Doe.

100.    Defendant Caro Community Schools has the ultimate responsibility and authority to train and supervise their administrators, employees, coaches, teachers, staff, and students in the appropriate manner for detecting, reporting, and preventing sexual abuse, assault, and harassment among students.

101.    Sexual assault among high-school students is foreseeable and safeguards in the form of training administrators, employees, coaches,

teachers, and staff is required by Defendant Caro Community Schools to protect students from acts of sexual assault by other students.

102.   Defendant Caro Community Schools failed to provide such training and supervision to administrators, teachers, coaches, staff, and students despite the obvious need for training and supervision.

103.   Defendant Caro Community Schools' Anti-Harassment Policy defines sexual harassment as "*Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature, when: . . . [s]uch conduct has the purpose or effect of interfering with the individual's work or educational performance; of creating an intimidating, hostile, or offensive working, and/or learning environment; or of interfering with one's ability to participate in or benefit from a class or an educational program or activity.*"[4]

104.   Defendant Caro Community School's Anti-Harassment Policy applied to conduct occurring on school property or at another location if such conduct occurs during a school-sponsored activity.

105.   Under Defendant Caro Community Schools' Anti-Harassment Policy, sexual harassment includes "*unwanted physical and/or sexual contact;*

---

[4] *See Caro Community Schools Bylaws and Policies*, available at: https://files.neola.com/caro-mi/search/policies/po3362.htm (last visited September 22, 2021).

*unwelcome verbal expressions of a sexual nature, including the unwelcome use of sexually degrading language, jokes or innuendos,"* and *"unwelcome and inappropriate touching, patting, or pinching"* including obscene gestures.[5]

106.  The training received by school employees, teachers, and coaches, including Coach Jackson, by Defendant Caro Community Schools was inadequate regarding detecting, reporting, and preventing sexual abuse, assault, and harassment among students.

107.  Defendant Caro Community Schools failed to provide such training in light of foreseeable consequences that could result from a lack of instruction, including, but not limited to, student-on-student sexual assault and harassment against students like John Doe.

108.  Given the widespread nature of sexual assaults occurring at Caro High School over the course of many years, and the obvious need for training to prevent sexual assault and harassment in public schools, Defendant Caro Community Schools' inadequacies in training amount to a policy of deliberate indifference to known acts of sexual assault and

---

[5] *Id.*

harassment regularly occurring at Caro High School, including within the football team.

109.   Defendant Caro Community Schools failed to adequately train its administrators, teachers, staff, students, and parents, and thereby prohibit or discourage foreseen sexual misconduct, despite the clearly established and well-known dangers of sexual abuse, harassment, and assault faced by students in U.S. public schools, and thereby was deliberate, reckless, and indifferent to John Doe's established constitutional rights.

110.   Defendant Caro Community Schools' failure to train in light of foreseeable sexual misconduct that could result from a lack of instruction amounts to deliberate indifference.

111.   Defendant Caro Community Schools' failure to train administrators, teachers, coaches, staff, and students effectively denied John Doe's established constitutional rights.

112.   The U.S. Supreme Court has expressly confirmed that *"Title IX was not meant to be an exclusive mechanism for addressing gender discrimination in schools,"* and that a plaintiff may bring causes of action under both Title IX and 42 U.S.C. § 1983 for unlawful sex discrimination. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255-58 (2009).

113. As a direct and proximate result of the Defendant's actions, inactions, and deliberate indifference to violation of Plaintiff John Doe's established Constitutional rights, John Doe suffered, and continues to suffer, economic and non-economic damages including, but not limited to, pain of mind and body, mental anguish, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, impaired educational capacity, and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this honorable Court issue a judgment in favor of Plaintiff and against Defendant Caro Community Schools, awarding Plaintiff John Doe his compensatory damages in an amount to be established at trial, equitable relief, reasonable attorneys' fees and costs, legal interest, and such other relief as the Court may find just and proper under the circumstances.

Respectfully submitted:

**SINAS DRAMIS LAW FIRM**

Attorneys for Plaintiff

_/s/ Stephen H. Sinas_

By:   Stephen H. Sinas (P71039)
3380 Pine Tree Road
Lansing, MI 48911
(517) 394-7500
Dated:  **October 1, 2021**    steveandstaff@sinasdramis.com

## <u>JURY DEMAND</u>

**NOW COMES** Plaintiff, John Doe, by and through his attorneys,

*Sinas, Dramis, Larkin, Graves & Waldman, P.C.*, and hereby respectfully

demands a trial by jury in the above-captioned action.

Respectfully submitted:

**SINAS DRAMIS LAW FIRM**

Attorneys for Plaintiff

___/s/ Stephen H. Sinas_____

By:    Stephen H. Sinas (P71039)
3380 Pine Tree Road
Lansing, MI 48911
(517) 394-7500
Dated:  **October 1, 2021**    steveandstaff@sinasdramis.com